UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | 1:14CV2293 |
| Plaintiff | ) | |
| v. | ) | MAG. JUDGE KENNETH S. McHARGH |
| JOHN DOE, | ) | |
| Defendant | ) | MEMORANDUM |
| | ) | <u>AND ORDER</u> |

McHARGH, MAG. JUDGE

The plaintiff Malibu Media, LLC, filed this copyright infringement suit against defendant John Doe, assigned IP address 76.188.78.83, alleging that defendant copied and distributed, without permission, twenty-nine of plaintiff's copyrighted works.

Currently before the court are Doe's motion for judgment on pleadings (doc. 11), and Malibu's motion to strike affirmative defenses (doc. 12).

I.  MOTION FOR JUDGMENT ON PLEADINGS

Doe's motion for judgment on the pleadings asserts the Malibu was not registered in Ohio as a foreign limited liability company when the complaint was filed, therefore it lacked the capacity to bring a claim in any Ohio court, pursuant to Ohio Rev. Code § 1705.58(A).  (Doc. 11.)

Malibu responds (1) that Doe waived his lack of capacity defense, (2) Federal Rule 17(b)(3)(A) expressly permits Malibu to sue to enforce federal rights (here, copyright infringement), (3) Section 1705.58(A) does not apply because Malibu does not transact business in Ohio, (4) applying the Ohio statute as argued would violate several Constitution clauses, and with additional arguments. (Doc. 15.) In addition, Malibu contends that its subsequent registration to transact business in Ohio moots Doe's motion. (Doc. 15, at 9-11.)

Malibu Media has filed several other actions in this court, and the capacity issue has been raised in other cases. This court finds persuasive the reasoning set forth by Magistrate Judge Knepp in a related case:

> Plaintiff argues its registration on February 19, 2015 cures any deficiency it may have had at the outset of filing the case. Plaintiff bases his argument on reasons of judicial economy. This argument is supported by case law from the Southern District of Ohio finding dismissal "is less equitable and more costly than simply allowing the corporation to register". Ferron v. Search Cactus, LLC, 2007 WL 1792331, at *3 (S.D. Ohio); see also Capital City Energy Grp., Inc., v. Kelley Drye & Warren LLP, 2011 WL 5175617, at *4 (S.D. Ohio) (finding lack of capacity can be cured during the pendency of the proceeding). While not a universally accepted opinion, this Court is persuaded by the reasoning of the Southern District and most recently, by Judge Gwin in ECP Commercial IV LLC v. LH Development LLC, 2015 WL 1781993 (N.D. Ohio). Cf. Sta-Rite Indus., LLC v. Preferred Pump & Equipment, 2008 WL 3874676 (N.D. Ohio) (dismissing for lack of capacity because the Ohio Supreme Court had yet to settle the issue of whether subsequent registration could cure a deficiency to sue). This Court agrees with the reasoning given by Judge Gwin:
>
> The Court finds persuasive the analysis and conclusion of Judge Marbley that the Ohio Supreme Court, if confronted with the issue, would not follow the Ohio Court of Appeals's decision and would instead hold that subsequent registration cures any capacity defect

> that may have existed.  Since Plaintiff ECP has now registered, the Court concludes that it has effectively cured any capacity defect that may have existed.
>
> ECP Commercial IV LLC, at *2.
>
> Although this Court is cognizant of its role in deciding issues of state procedural law, it finds that judicial economy is best served by allowing subsequent registration to cure the deficiency.  No purpose other than the vindication of a minor procedural requirement would be served by dismissal.  Dismissal would be a mere formality resulting in unnecessary delay and expense, particularly because Plaintiff now has the capacity to sue as a registered foreign LLC pursuant to R.C. § 1705.58(A).  Thus, the Court holds Plaintiff has successfully cured its claimed incapacity to sue.
>
> Accordingly, the Court need not analyze the other issues raised by Plaintiff in its opposition motion.

Malibu Media, LLC v. Doe, No. 3:14CV1388 (N.D. Ohio May 19, 2015) (slip op.)

As noted by Judge Knepp, Malibu has registered to transact business in Ohio. (Doc. 15, PX B.)  The court adopts the reasoning set forth above, and DENIES the motion for judgment of the pleadings.

## II.  MOTION TO STRIKE

Malibu Media has filed a motion to strike Doe's affirmative defenses.  (Doc. 12.)  Malibu notes that Doe's answer generally denies that he unlawfully downloaded Malibu's works, or that he otherwise infringed on Malibu's copyrights. (Doc. 12, at 1-2; see doc. 10, answer.)  Malibu argues that the answer also raises three affirmative defenses, "each one of which fails as a matter of law." (Doc. 10, at 2.)

3

Doe's answer contains the following affirmative defenses: (1) "Plaintiff's claims fail to state a claim upon which relief can be granted." This defense is accompanied by a brief recitation of facts in support. (2) "Plaintiff's claims are barred by the doctrine of laches, waiver, unclean hands and/or the equitable doctrine of estoppel" on the basis of plaintiff's allegedly illegal or fraudulent conduct, accompanied by allegations of same. (3) "Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense." (Doc. 10, at 4-5.)

The decision whether to strike an affirmative defense is wholly discretionary. Malibu Media, LLC v. Koh, No. 13-10515, 2013 WL 5853480, at *1 (E.D. Mich. Oct. 30, 2013). Civil Rule 12(f) permits the court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." Cronovich v. Dunn, 573 F.Supp. 1330, 1338 (E.D. Mich. 1983) (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819 (6th Cir. 1953)). See also, e.g., Operating Engineers Local 324 Health Care Plan v. G&W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) ("viewed with disfavor," citing Brown); BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("extreme and disfavored measure"); Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985) (disfavored) (citing cases). Striking a portion of a pleading is a "drastic remedy," which is used sparingly. Dunbar & Sullivan Dredging Co. v. John

R. Jurgensen Co., 44 F.R.D. 467, 472 (S.D. Ohio 1967), aff'd, 396 F.2d 152 (6th Cir. 1968); Cronovich, 573 F.Supp. at 1338.

In a motion to strike, the burden of proof is upon the movant. Vakharia v. Little Co. of Mary Hosp. & Health Care Ctr., 2 F.Supp.2d 1028, 1033 (N.D. Ill. 1998); In re EBP, Inc., 171 B.R. 601, 603 (Bankr. N.D. Ohio 1994). The burden has been described as "formidable." Judicial Watch Inc. v. U.S. Dep't of Commerce, 224 F.R.D. 261, 264 (D. D.C. 2004). Because of the practical difficulty of deciding cases without a factual record, the motion should be granted only where the matter to be stricken "has no possible relation to the controversy." Brown & Williamson, 201 F.2d at 822; Chiancone v. City of Akron, No. 5:11CV337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011). In other words, the motion should be granted only where the allegations "can have no possible bearing upon the subject matter of the litigation." Canadian Ingersoll-Rand Co. v. D. Loveman & Sons, Inc., 227 F.Supp. 829, 831 (N.D. Ohio 1964); see also Lundy v. Town of Brighton, 521 F.Supp. 2d 259, 265 (W.D. N.Y. 2007).

The Sixth Circuit has ruled that: "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Chiancone, 2011 WL 4436587, at *2 (quoting Lawrence v. Chabot, No. 05-1082, 2006 WL 1342316, at *12 (6th Cir. May 16, 2006) (citation omitted)); see also *Revocable Living Trust of Stewart I v. Lake Erie Utilities Co.*, No. 3:14CV2245, 2015 WL 2097738, at *4 (N.D. Ohio May 5, 2015) (discussing

5

Montgomery v. Wyeth, 580 F.3d 455, 468 (6th Cir. 2009), cert. denied, 559 U.S. 1031 (2010), and Lawrence, 2006 WL 1342316). A defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances. Chiancone, 2011 WL 4436587, at *2 (citing Brown & Williamson, 201 F.2d at 822).

### A. First Affirmative Defense

Malibu Media argues that the court should strike the first affirmative defense, which should be considered as a motion to dismiss under Rule 12(b)(6), and analyzed under the Twombly-Iqbal standard, for its facial plausibility. (Doc. 12, at 4-5.) However, neither the Supreme Court nor the Sixth Circuit have held that the heightened pleading standard applies to defenses, which are governed by Rule 8(c) rather than Rule 8(a)(2) (which requires a showing that the pleader is entitled to relief). Chiancone, 2011 WL 4436587, at *3. Although there is disagreement among the district courts, *Stewart*, 2015 WL 2097738, at *4 (citing cases pro and con), the Sixth Circuit does not require that affirmative defenses show that the pleader is entitled to relief. Chiancone, 2011 WL 4436587, at *3 (citing Montgomery, 580 F.3d at 468).

Sixth Circuit law, then, provides that a court shall strike an affirmative defense only where it would serve the purposes of justice, and where the defense is insufficient as a matter of law. *Stewart*, 2015 WL 2097738, at *4. As noted earlier, an affirmative defense may be pleaded in general terms, and will be sufficient as long as it gives fair notice of the nature of the defense. *Stewart*, 2015 WL 2097738,

at *4;Chiancone, 2011 WL 4436587, at *4 (quoting Lawrence, 2006 WL 1342316, at *12).

Malibu also argues that the first affirmative defense, that their claims fail to state a claim upon which relief can be granted, is "not actually an affirmative defense." (Doc. 12, at 6.) This assertion is incorrect. In fact, Civil Rule 12(b) clearly lists "failure to state a claim upon which relief can be granted," as a defense which can be asserted in the responsive pleading (i.e., answer), or by motion. Fed. R. Civ. P. 12(b).

The court does not find that the first affirmative defense "has no possible relation to the controversy," Brown & Williamson, 201 F.2d at 822, or that it "can have no possible bearing upon the subject matter of the litigation." Canadian Ingersoll-Rand, 227 F.Supp. at 831. The court finds that the defense is sufficient as it gives Malibu fair notice of the nature of the defense. Lawrence, 2006 WL 1342316, at *12; *Stewart*, 2015 WL 2097738, at *4. The motion to strike the first affirmative defense is DENIED.

### B. Second Affirmative Defense

Malibu argues that the second affirmative defense(s) (laches, waiver, unclean hands, or estoppel) are equitable affirmative defenses which are "rarely applicable" in the context of copyright infringement. (Doc. 12, at 7-8.) However, Does points to several cases in which these theories were applied in this context. (Doc. 18, at 6-8.)

7

Doe contends that a motion to strike these defenses would be inappropriate before discovery has been conducted. (Doc. 18, at 7-8, citing Koh, 2013 WL 5853480, at *2-*3; and Microsoft Corp. v. Lutian, No. 1:10CV1373, 2011 WL 4496531, at *4 (N.D. Ohio Sept. 27, 2011).) Through this defense, Doe claims, for example, that Malibu's improper investigation methods led to evidence allegedly obtained against him, and is directly related to the underlying claims. (Doc. 18, at 8.)

The court does not find that the second affirmative defense "has no possible relation to the controversy," Brown & Williamson, 201 F.2d at 822, or that it "can have no possible bearing upon the subject matter of the litigation." Canadian Ingersoll-Rand, 227 F.Supp. at 831. The court finds that the defense is sufficient as it gives Malibu fair notice of the nature of the defense. Lawrence, 2006 WL 1342316, at *12; *Stewart*, 2015 WL 2097738, at *4. The motion to strike the second affirmative defense is DENIED.

## C. Third Affirmative Defense

The third affirmative defense is that "Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense." (Doc. 10, at 5.) The court does not find that this catch-all defense is sufficient, as it does not give Malibu fair notice of the nature of the defense. In addition, Doe does not defend against the motion, as to the third defense, in his memorandum in opposition. See generally doc. 18. The motion to strike is GRANTED as to the third affirmative defense.

SUMMARY

For the reasons discussed above, the court DENIES the motion for judgment on the pleadings (doc. 11). The motion to strike (doc. 12) the first and second affirmative defenses is DENIED. The motion to strike is GRANTED as to the third affirmative defense, only.


IT IS SO ORDERED.

Dated:   Sept. 29, 2015                         /s/ Kenneth S. McHargh
                                                Kenneth S. McHargh
                                                United States Magistrate Judge